USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/8/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GUSTAVIA HOME, LLC,

    Plaintiff,

v.

ANNETTE OWUSU AND JOHN DOE "1" THROUGH "12" *said persons or parties having or claimed to have a right, title or interest in the Mortgaged premises herein, their respective names are presently unknown to Plaintiff,*

    Defendants.

No. 16-CV-5709 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Gustavia Home, LLC brought this action to foreclose on a mortgage encumbering the property located at 2347 Wickham Avenue, Bronx, New York 10469 (the "Property"). Plaintiff now seeks an order: (1) granting summary judgment against the mortgagor of the Property, Defendant Annette Owusu;[1] (2) striking the Answer and Affirmative Defenses interposed by Defendant; (3) permitting Plaintiff to proceed with the filing of a Judgment of Foreclosure and Sale; and (4) permitting Plaintiff to treat the Answer as a limited Notice of Appearance entitling Defendant's counsel to receive, without prior notice, a copy of the Notice of Sale, Notice of Discontinuance, and Notice of Surplus Monies, if any. Defendant, who was represented by counsel when this motion was filed, did not oppose the motion.

    For the reasons stated below, Plaintiff's motion for summary judgment is granted. The motion to strike Defendant's Answer and Affirmative Defenses is mooted by the foregoing. The

---

[1] Plaintiff does not make any arguments with respect to the John Doe defendants in its motion for summary judgment. Hence, the present motion will only be considered against Defendant Owusu.

request to treat the Answer as a limited Notice of Appearance is also moot. Plaintiff is hereby ordered to file a proposed Judgment of Foreclosure and Sale consistent with this Order.

## BACKGROUND

This is an action to foreclose on a mortgage. Plaintiff Gustavia Home, LLC, is a single-member limited liability company organized under Florida Law. Affidavit of Jared Dotoli in Support of Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment (Dkt. 34) ("Dotoli Aff."), ¶ 18. Defendant Annette Owusu is a citizen of the State of New York, residing at 2347 Wickham Avenue, Bronx, New York 10469. *Id.* ¶ 19. The Property is known on the Bronx County Tax Map as Block 4406, Lot 44. *Id.* ¶ 17.

On December 29, 2006, Owusu obtained a mortgage loan of $128,000.00 from Fremont Investment & Loan, which was secured by a mortgage on the Property (the "Mortgage"). *Id.* ¶ 4. The Mortgage was memorialized in a note, also dated December 29, 2006, that Owusu executed to Fremont (the "Note"). *Id.* ¶ 25. At the time of the commencement of this action, subsequent to a series of transfers, Plaintiff had physical possession of the Note, and was the owner and holder of the Mortgage. *Id.* ¶ 27; Compl. (Dkt. 1), Ex. C, D.

Owusu defaulted on the mortgage loan by failing to make the monthly payment due on April 1, 2014. Dotoli Aff., ¶ 28. Under the Note and Mortgage, this gave Gustavia the right to accelerate the loan by requiring immediate payment in full of the outstanding principal and interest upon the issuance of certain notices. *Id.* ¶¶ 10, 11.

On April 6, 2016, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1304, Gustavia sent a 90-day pre-foreclosure notice to Owusu at the Property by certified and first-class mail. *Id.* ¶ 29. On the same day, pursuant to the terms of the Note and Mortgage, Gustavia also sent to Owusu at the Property a 30-day notice to cure. *Id.* ¶ 29. The notices

2

informed Owusu that Gustavia could accelerate the loan if she did not cure the default. *Id.* ¶ 29. Despite these notices, Owusu failed to cure the default. *Id.* ¶ 28. Following expiration of the 90-day period, Gustavia invoked its right to accelerate the Mortgage by filing this action against Owusu. Defendant remained in default as of July 7, 2017. *Id.* ¶ 28. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges, totaled $140,827.80 as of April 6, 2016. Compl. ¶ 21.

Gustavia filed the Complaint against Owusu on July 18, 2016. Owusu answered on September 16, 2016, asserting at least 11 affirmative defenses. This motion followed on July 12, 2017 and Owusu did not oppose it.

## STANDARD OF REVIEW

A court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To do so, the movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The court must read all facts in the light most favorable to the non-moving party." *Koch v. Town of Brattleboro, Vermont*, 287 F.3d 162, 165 (2d Cir. 2002). Once the movant carries this initial burden, the burden shifts to the non-movant to "show[] that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. Accordingly, the non-movant must come forward with enough evidence "on which the jury could reasonably find [in their favor]." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotation omitted). In doing so, the non-movant "may not rely on conclusory allegations or unsubstantiated speculation." *Id.* "Instead, the

non-movant must produce specific facts indicating that a genuine factual issue exists." *Id.* (internal quotation omitted).

In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials— including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

## DISCUSSION

### I. Motion for summary judgment

#### A. Prima Facie Case

"It is settled that in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default." *U.S. Bank Tr., N.A. v. Dingman*, 2016 WL 6902480, at *2 (S.D.N.Y. Nov. 22, 2016) (quoting *Vill. Bank v. Wild Oaks Holding, Inc.*, 601 N.Y.S.2d 940, 941 (N.Y. App. Div. 1993)). Once the plaintiff has established a prima facie entitlement to foreclosure, "the Mortgagee has a presumptive right to foreclose, which can only be overcome by an affirmative showing by the Mortgagor." *Onewest Bank N.A. v. Louis*, 2016 WL 3552143, at *6 (S.D.N.Y. June 22, 2016) (internal quotation omitted). "[I]t is incumbent upon the defendant to assert any defenses which could properly raise a viable question of fact as to his default." *Capital One Nat. Ass'n v. 48-52 Franklin, LLC*, 2014 WL 1386609, at *4 (S.D.N.Y. Apr. 8, 2014) (quoting *Vill. Bank*, 601 N.Y.S.2d at 941).

Here, Gustavia attached the Mortgage and the unpaid Note to the Complaint. Compl., Ex. B, C. Owusu has not challenged the authenticity of these documents. Gustavia has also provided evidence of default by attaching an affidavit of its sole member attesting to Owusu's continued

4

failure to make any payments under the Note. Dotoli Aff., ¶ 28; *see Louis*, 2016 WL 3552143, at *5 (S.D.N.Y. June 22, 2016) (finding that an affidavit attesting to defendants' failure to make payments under the note was sufficient evidence of default to establish a prima facie case). As a result, Gustavia has established a prima facie entitlement to foreclosure as a matter of law. *See Wasserman v. Harriman*, 651 N.Y.S.2d 620, 622 (N.Y. App. Div. 1996) (holding that the plaintiffs established a prima facie entitlement to foreclosure as a matter of law by submitting evidence of the execution of the note and mortgage, and the defendant's failure to make payment in accordance with its terms).

Owusu has failed to assert any viable defenses to overcome Gustavia's presumptive right to foreclose. Owusu did not file an opposition to the motion for summary judgment, and thus has not met her burden of producing specific evidence of a question of fact regarding any defenses to foreclosure. *See 1st Bridge LLC v. William Lee Freeman Garden Apartments LLC*, 2011 WL 2020568, at *1 (S.D.N.Y. May 23, 2011). "[N]evertheless, the Court must scrutinize even an unopposed summary judgment motion to satisfy itself that no material issue of fact remains for trial." *Dingman*, 2016 WL 6902480, at *3 (S.D.N.Y. Nov. 22, 2016) (citing *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

### B. Affirmative Defenses

In her Answer, Owusu asserts 11 affirmative defenses to Gustavia's claim.[2] For the reasons that follow, after examining the record, the Court finds that none of the defenses can defeat Gustavia's motion for summary judgment.

---

[2] The Answer's defenses are labeled as if there are 15 because 6 and 7 are omitted, 12 and 13 jointly state one defense, and 15 merely reserves the right to assert additional defenses.

### 1. Failure to State a Claim

First, Owusu asserts that Gustavia has failed to state a claim upon which relief can be granted. Answer, ¶ 3. As discussed above, Gustavia has presented a prima facie case for its foreclosure action. *See* Compl., Exs. B, C; Dotoli Aff., ¶ 28. Gustavia has thus properly stated a cause of action.

### 2. Culpable Conduct

Second, Owusu asserts that the damages suffered by Gustavia were a result of its own "culpable conduct . . . and not the conduct of the Defendant." Answer, ¶ 4. Owusu, however, has not pointed to any culpable conduct by Gustavia and therefore has not raised a triable issue as to Gustavia's conduct.

### 3. Failure to Modify

Third, Owusu asserts that she was "not offered a modification . . . which [she] could afford to pay." Answer, ¶ 5 (emphasis removed). "[] New York courts have routinely held that there is no requirement that a foreclosing [mortgagee] modify its mortgage loan prior to or after a default in payment." *Miller v. HSBC Bank U.S.A., N.A.*, 2015 WL 585589, at *3 (S.D.N.Y. Feb. 11, 2015) (quotation omitted). Thus, it is not a defense to Gustavia's foreclosure claim that Owusu was not offered any modification.

In the alternative, Owusu could conceivably be asserting a violation of CPLR 3408(f), which requires that parties in any residential foreclosure action "negotiate in good faith to reach a mutually agreeable resolution, including . . . loan modification . . . if possible." It is doubtful, however, that CPLR 3408(f) applies to foreclosure actions filed in federal court as it is "displaced" by Fed. R. Civ. P. 16. *OneWest Bank, N.A. v. Marchassalla*, 2016 WL 8711438, at *4 (E.D.N.Y. Sept. 30, 2016). Even if CPLR 3408(f) did apply, Gustavia's failure to make an offer desired by

Owusu cannot be construed as a lack of good faith. *See Wells Fargo Bank, N.A. v. Van Dyke*, 101 A.D.3d 638, 638 (N.Y. App. Div. 2012). Owusu has not pointed to any other evidence that Gustavia did not act in good faith and thus has not raised a triable defense.

### 4. Multiple Foreclosure Actions

Fourth, Owusu asserts that Gustavia cannot maintain its foreclosure action because there is already an action against her brought by the "First Mortgage Lender" on the Property. Answer, ¶ 6 (emphasis removed). But Owusu fails to provide any evidence of such an action.[3]

### 5. Equitable Estoppel

Fifth, Owusu asserts that Gustavia's case must be dismissed under the doctrine of equitable estoppel. Answer, ¶ 7. "Equitable estoppel is 'imposed by law in the interest of fairness to prevent the enforcement of rights which would work fraud or injustice upon the person against whom enforcement is sought and who, in justifiable reliance upon the opposing party's words or conduct, has been misled into acting upon the belief that such enforcement would not be sought.'" *Readco, Inc. v. Marine Midland Bank*, 81 F.3d 295, 301 (2d Cir. 1996) (quoting *Nassau Trust Co. v. Montrose Concrete Prods. Corp.*, 56 N.Y.2d 175, 184 (N.Y. 1982)). "Under New York law, the party asserting [equitable] estoppel must show that the party alleged to be estopped (1) engaged in conduct which amounts to a false representation or concealment of material facts; (2) intended that such conduct would be acted upon by the other party; and (3) knew the real facts." *Id.* (quotation and brackets omitted).

---

[3] Even if there were an existing action, it would not raise a triable defense to Gustavia's foreclosure claim because Gustavia, as a mortgagee, is a necessary party to any existing foreclosure action over the Property and its absence leaves its rights unaffected by that action. *See Bd. of Managers of Parkchester N. Condo. v. Alaska Seaboard Partners Ltd. P'ship*, 37 A.D.3d 332, 333 (N.Y. App. Div. 2007).

7

Here, Owusu has not alleged any conduct by Gustavia that could amount to a false representation or concealment of material facts and therefore has not raised a triable issue of fact as to the doctrine of equitable estoppel.

### 6. Estoppel, Waiver, Laches, and Unclean Hands

Owusu next asserts that Gustavia's claim is barred by the "equitable doctrines of estoppel, waiver, Laches and unclean hands." Answer, ¶ 8.

The Court has already addressed equitable estoppel above. Any appeal to collateral estoppel is equally unavailing. "The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Ryan v. N. Y. Tel. Co.*, 62 N.Y.2d 494, 500 (N.Y. 1984). Here, Owusu has not pointed to any prior action or proceeding against Gustavia that has decided an issue relevant in this case and there is therefore no triable issue of collateral estoppel here.[4]

Owusu next asserts the doctrine of waiver. The party asserting waiver must show the "voluntary and intentional abandonment of a known right" by the other party. *Nassau Tr. Co.*, 56 N.Y.2d at 184. But Owusu has not alleged any facts suggesting that Gustavia waived its right to foreclose on the Mortgage and has thus failed to raise any triable issue as to waiver.

Turning to the doctrine of laches, "[l]aches . . . is not a defense to a foreclosure action brought within the statute of limitations." *OneWest Bank, N.A. v. Melina*, 2015 WL 5098635, at *5 (E.D.N.Y. Aug. 31, 2015). The statute of limitations for a mortgage-foreclosure action is six years under New York law. N.Y. CPLR § 213. Here, Gustavia is bringing the action based on

---

[4] Owusu does allege that the original mortgagee, Fremont, settled a claim with the Massachusetts Attorney-General arising out of certain unfair lending practices. Answer, ¶ 14, Ex. B. That settlement did not, however, involve conduct relevant to this specific loan.

8

Owusu's continued failure to make payments due on, and after, April 1, 2014. Compl., ¶¶ 17, 28. The Complaint was filed on July 18, 2016, approximately two years after the alleged default. The statute of limitations has not expired and the defense of laches is thus inapplicable.

Owusu also asserts the doctrine of unclean hands. Even assuming that such a defense were available, it is "never used unless the plaintiff is guilty of immoral, unconscionable conduct and even then only when the conduct relied on is directly related to the subject matter in litigation and the party seeking to invoke the doctrine was injured by such conduct." *Nat'l Distillers & Chem. Corp. v. Seyopp Corp.*, 17 N.Y.2d 12, 15–16 (N.Y. 1966) (quotation omitted). Owusu does not allege any immoral or unconscionable conduct by Gustavia that is "directly related" to the Mortgage. Owusu only makes conclusory allegations of unfair lending practices by Fremont, not Gustavia. *See* Answer, ¶ 14. Owusu has thus failed to raise any triable issue as to any of his equitable defenses.

### 7. Conditions Precedent

Owusu further asserts that Gustavia has not fulfilled the conditions precedent in the Note and the Mortgage. Answer, ¶ 9. The Mortgage contains a contractual provision that the creditor must issue a 30-day notice to cure, advising of possible acceleration of the loan if the arrears are not cured. Gustavia has provided a copy of such a notice and evidence that it was mailed to Owusu on April 6, 2016. Compl., Ex. E; Dotoli Aff., ¶ 29.

While not explicitly asserted by Owusu, there are also statutory condition precedents to the commencement of a foreclosure action in New York. Under RPAPL § 1304, a lender must "give notice to the borrower of the debt owed and amounts due to cure the default" at least 90 days before commencing a foreclosure action. *Wells Fargo Bank, N.A. v. Ullah*, 2015 WL 3735230, at *8 (S.D.N.Y. June 15, 2015) (quotation marks omitted). RPAPL § 1304(2) further provides that

9

"[s]uch notice shall be sent . . . by registered or certified mail and also by first-class mail to the last known address of the borrower[.] Notice is considered given as of the date it is mailed." *Id.* Gustavia has attached to the Complaint a copy of the RPAPL § 1304 notice and evidence that it was mailed to the defendant by both first-class and certified mail on April 6, 2016. Compl., Ex. E; Dotoli Aff., ¶ 29. As such, Owusu has not raised a triable issue as to Gustavia's fulfilment of the conditions precedent.

### 8. Failure to Verify

Owusu also asserts that Gustavia "failed to verify the truth and accuracy" of facts that form the basis of the Complaint. Answer, ¶ 10. Fed. R. Civ. P 11(b) provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge . . . the factual contentions have evidentiary support[.]" Owusu has failed to provide any support for her assertion that Gustavia lacked a basis for its factual allegations in the Complaint. Owusu's failure-to-verify assertion thus fails to assert a viable defense.

### 9. Standing

Owusu next contends that Gustavia lacks standing because it is not the original note holder. Answer, ¶ 11. The note is "the dispositive instrument that conveys standing to foreclose under New York law." *Aurora Loan Servs., LLC v. Taylor*, 25 N.Y.3d 355, 361 (N.Y. 2015). "[O]nce a note is transferred . . . , the mortgage passes as an incident to the note." *CIT Bank, N.A. v. Portfolio Recovery Assocs., LLC*, 2017 WL 2819867, at *5 (S.D.N.Y. June 28, 2017) (quoting *Taylor*, 25 N.Y.3d at 366). A plaintiff can meet its burden to establish standing by proving that it had "possession of the note prior to commencement of [the] action." *Taylor*, 25 N.Y.3d at 362.

Here, Gustavia's affidavit states that Gustavia obtained possession of the Note prior to the commencement of the action. Dotoli Aff., ¶¶ 7, 27. The affidavit also details how the Note came

10

into Gustavia's possession. *Id.* ¶ 5; *see Taylor*, 25 N.Y.3d at 361–62 (noting that it is good practice for a plaintiff to state how it came into possession of the note). Furthermore, a copy of the Note is annexed to the Complaint. Dkt. 1, Ex. C; *see Deutsche Bank Nat. Tr. Co. v. Umeh*, 41 N.Y.S.3d 882, 882 (N.Y. App. Div. 2016) (finding that having the note attached to the complaint was sufficient evidence that it was in plaintiff's possession at the time of the commencement of the action). Based on the foregoing, Gustavia has met its burden to establish standing and Owusu has not created any triable issue.

### 10. Invalid Assignment

Owusu argues that Gustavia's claim should fail because the assignment of the mortgage was invalid. According to her, a mortgagee cannot "assign a mortgage . . . after filing for bankruptcy." *See* Answer, ¶¶ 12, 13. Since Fremont filed for bankruptcy in 2008 and only assigned the Mortgage in 2012, Owusu appears to argue, the assignment was invalid. In certain circumstances, the bankruptcy of an original lender can cause complications for foreclosure actions. In *Gustavia Home, LLC v. Rutty,* 2017 WL 6539178, at *1 (2d Cir. 2017) (summary order), for instance, the Circuit found that because the original lender had filed for bankruptcy before assigning the note and had not demonstrated that it had the bankruptcy court's permission to do so afterwards, summary judgment was not appropriate. Here, however, Owusu asserts in her Answer that Fremont entered bankruptcy in 2008, but emerged in 2010, well before assigning the note in 2012. *See* Dkt. 11 at 2, 6–7. Furthermore, one court in this district has taken a broader view and noted that "because mortgage rights follow [the] Note by operation of law . . . even if the Note has descended into a bankruptcy-entangled morass of questionable provenance, the right to foreclose follows that note, like Orpheus to Eurydice, even into the depths of clouded title." *Caraballo v. Homecomings Fin.*, 2014 WL 2117225, at *4 (S.D.N.Y. May 21, 2014). Since Gustavia emerged

from bankruptcy prior to assigning the note, and because Gustavia has made a sufficient showing that it had possession of the Note at the time of the commencement of this action, Owusu's bankruptcy defense does not raise a triable issue.

### 11. Predatory Practices

Lastly, Owusu alleges that the Mortgage is void because Fremont engaged in "unfair predatory and lending services." Answer, ¶ 14. Owusu, however, fails to raise a triable defense on this issue because she makes only vague allegations concerning Fremont's conduct. She does not point to any specific statute or provision that may have been violated, nor has she alleged facts or provided evidence of conduct by Fremont that could constitute a violation under any statute. *See, e.g., Utreras v. Chicago Title Ins. Co.*, 2013 WL 4700564, at *2 (E.D.N.Y. Sept. 1, 2013); *Webster v. Wells Fargo Bank, N.A.*, 2009 WL 5178654, at *14 (S.D.N.Y. Dec. 23, 2009); *Tribeca Lending Corp. v. Bartlett*, 84 A.D.3d 496, 497 (N.Y. App. Div. 2011). Owusu has thus failed to raise a viable defense or counterclaim under any state or federal statute that might preclude entry of summary judgment in this case.

Having considered the affirmative defenses asserted by Owusu in her Answer, the Court concludes that she has failed to raise any triable issue of fact to defeat Gustavia's motion for summary judgment.[5]

---

[5] Gustavia's request to treat the Answer as a limited Notice of Appearance is moot because Owusu's counsel, Surajudeen Agbaje, Esq., already filed a Notice of Appearance on May 12, 2016. Dkt. 19.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment on its claim for foreclosure of the Mortgage is granted against Defendant Annette Owusu. Plaintiff's motion to strike and its request to treat the Answer as a limited Notice of Appearance are denied as moot.

Gustavia is hereby ordered to file a proposed Judgment of Foreclosure and Sale consistent with this Order by May 28, 2018.

The Clerk of Court is respectfully directed to terminate docket entry 31.

SO ORDERED.

Dated: May 8, 2018
New York, New York

Ronnie Abrams
United States District Judge